[No. 10186.   Department Two.   April 15, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Chicago, Milwaukee and Puget Sound Railway, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

JUSTICES OF THE PEACE—APPEAL OR CERTIORARI—AMOUNT IN CONTROVERSY. In an action in justice court on a time check for $9.50, where the complaint further demanded the $25 damages allowed the plaintiff in such cases by Rem. & Bal. Code, § 6562, the amount in controversy exceeds $20, and therefore appeal lies to the superior court as provided by Id., § 1910, and there can be no review by certiorari.

Application filed in the supreme court February 14, 1912, for a writ of mandamus to compel the superior court for King county, Gilliam, J., to exercise jurisdiction in certiorari proceedings. Denied.

*Geo. W. Korte* and *F. M. Dudley,* for relator.

*C. Dell Floyd,* for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus. On December 15, 1911, an action was begun by one John Hill in the justice court of King county. Relator in this proceeding, Chicago, Milwaukee & Puget Sound Railway Company, was defendant therein. The complaint in that action in part alleged as follows:

"(2) That heretofore, to wit, during the month of November, 1911, this plaintiff was employed by defendant to work for defendant as a common laborer on the coast division of said road at the rate of two dollars ($2) per day.

"(3) That in pursuance of said contract, plaintiff worked for defendant for seven (7) days, making a total of fourteen ($14) dollars due him for labor; that a credit of $4.50 was deducted for board, leaving a balance due plaintiff of nine dollars and fifty cents ($9.50).

[1]Reported in 131 Pac. 466.

2—73 WASH.

"(4) That plaintiff ceased to work for defendant and defendant issued to plaintiff as evidence for said labor, an identification card in words and figures as follows, to wit:

'Form 45.

"Chicago, Milwaukee and Puget Sound R'y Co.
    "Coast Division.    Identification Card.
"Number 13.                         Month, November.
                    "M. Stenson, Foreman.' "

There was a further allegation that the identification card, a copy of which is set out in the excerpt from the complaint above quoted, had been presented to the defendant at its office in Seattle, and that payment had been refused. Then followed a prayer for (1) $9.50 the amount alleged to be due as wages, (2) damages in the sum of $25, and (3) an attorney's fee of $20. The defendant in that action answered, admitting liability for the sum of $9.50, the amount due for wages, and denying further liability. It also pleaded that the statute, Rem. & Bal. Code, § 6562, under which the damages and attorney's fees were claimed, was unconstitutional and void. The trial resulted in a judgment in favor of the plaintiff, for (1) $9.50 the wages due, (2) $25 damages, and (3) $10 attorney's fee. On December 26, 1911, the defendant in the action in the justice court, the relator here, made an application to the superior court of King county for a writ of certiorari. This application was granted and the writ issued, commanding the justice of the peace before whom the cause had been tried to certify to the superior court a true and correct transcript of the records and proceedings in the cause. On December 28, 1911, the respondent in the certiorari proceeding served upon the adverse party and filed in the cause a motion to quash the writ of certiorari, upon the ground that the superior court was without jurisdiction of the subject-matter of the action. Thereafter and on February 3, 1912, and before the time expired within which a return was required to be made as commanded by the writ, the motion to quash the writ came on for hearing before the superior court, and on February 6, 1912, the court entered an order sus-

taining the motion to quash, apparently upon the ground that it was without jurisdiction over the subject-matter of the action.

On February 14, 1912, the relator filed in this court its application, praying that the superior court be directed by writ of mandamus "to take and exercise jurisdiction upon the said application for a writ of certiorari in which a writ of review was issued, and to hear and determine the said application for a writ of review upon issue joined therein." The pivotal question presented by the facts above stated is the right or power of this court to direct the superior court to take jurisdiction in the certiorari proceeding and hear and determine the cause. But before considering this question, it becomes necessary to determine the preliminary question as to whether or not the controversy could be brought before the superior court by writ of certiorari. A writ of certiorari will not be granted where there is a remedy by appeal. Rem. & Bal. Code, § 1002, provides:

"A writ of review shall be granted by any court, except a police or justice court, . . . to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, *and there is no appeal*, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

An appeal may be taken from the judgment of a justice of the peace where the amount in controversy, exclusive of costs, exceeds the sum of $20. Rem. & Bal. Code, § 1910, provides:

"Any person may appeal from a judgment or decision of a justice of the peace to the superior court where the *amount in controversy*, exclusive of costs, exceeds $20."

Where suit is brought for the purpose of recovering the face value of a check, memorandum, token or evidence of indebtedness issued in payment of wages, and the plaintiff shall recover, it is provided by statute that the court shall tax the

sum of $25 to the judgment as damages. Rem. & Bal. Code, § 6562, provides:

"Whenever any person or persons, company or corporation, is compelled to sue for the recovery of the face value of check, memorandum, token, or evidence of indebtedness, issued or circulated for the payment of wages for labor, by reason of the failure of any person, firm, company or person [corporation] issuing the same, failing or refusing to pay the same on demand, as provided by section 6560 of this chapter, then in such case, if judgment should be granted the plaintiff, the court shall tax an attorney's fee of not less than ten nor more than twenty-five dollars to said judgment, and the further sum of twenty-five dollars as damages to the plaintiff, suffered by the plaintiff by reason of being compelled to sue the said claim: *Provided*, That no plaintiff shall recover more than the face value of his said claim where the payment is refused by reason of a dispute as to the ownership of said claim, or where it appears satisfactorily to the court or jury that the defendant had a sufficient excuse for the refusal of the payment of the said claim, the burden to prove the said sufficient excuse being on the defendant; and should the court or jury find such sufficient excuse, the same is to be specified in the judgment or verdict of said court or jury."

From the statutes quoted, it will be seen that, under § 1002, a certiorari will not issue when there is a remedy by appeal. Section 1910 permits an appeal when the amount in controversy exceeds the sum of $20. Section 6562 allows damages in the sum of $25, and an attorney's fee when the action is brought upon a check, etc., issued for wages. The question whether the identification card upon which suit was brought in the justice court comes within the specifications of this section of the statute is not before us in this proceeding and no opinion will be expressed thereon.

The concrete question now to be determined is, Does the $25 damages provided for become a part of the *amount in controversy?* If it does, then there is a remedy by appeal from the judgment of the justice of the peace to the superior court. The amount of wages sued for was $9.50. The complaint specifically demanded the $25 allowed by the statute as

damages.   If the plaintiff prevailed, he would not only recover the wages due, but the statutory damages as well, unless the defendant was able to show sufficient excuse for not paying the claim.   The plaintiff's right to recover damages depends upon whether or not the defendant had a sufficient excuse for refusing payment of the original claim.   This puts in issue a question of fact. The right to recover the $25 as damages being an issue, it becomes a part of the amount in controversy.   It follows, therefore, that there was a remedy by appeal from the judgment of the justice of the peace to the superior court. This remedy by appeal being open to the defendant, in no event was it entitled to the writ of certiorari.

The conclusion we have reached upon this preliminary question disposes of the present application for a writ of mandamus.   We express no opinion upon any other question.

The writ of mandamus will be refused.

MOUNT, MORRIS, and ELLIS, JJ., concur.

FULLERTON, J., concurs in the result.